# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HERBERT COX, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) COMPLAINT FOR VIOLATION OF |
| | ) CIVIL RIGHTS AND A |
| CITY OF CHICAGO POLICE | ) SUPPLEMENTAL STATE CLAIM |
| OFFICERS VINCENT RYAN, STAR | ) |
| NO. 12351, JOEL SOTO, STAR NO. | ) **JURY DEMANDED** |
| 19351, and UNKNOWN AND | ) |
| UNNAMED CITY OF CHICAGO | ) |
| POLICE OFFICERS, AND THE CITY | ) |
| OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.  At all times herein mentioned, Plaintiff Herbert Cox ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4.  At all times herein mentioned, Defendants City of Chicago Police V. RYAN, Star Number 12351, and J. SOTO, Star Number 19351, collectively "individual defendants" or "police defendants" and unknown and unnamed officers were employed by the City of Chicago Police Department were acting under color of state law and as the employee, agent, or representative of

1

the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6. On or about March 31, 2019, Plaintiff was lawfully in his vehicle in Chicago, Cook County, State of Illinois.

7. On that day and place, Defendants reversed their police vehicle and stopped to the front left side of Plaintiff's parked vehicle.

8. Once the police vehicle stopped, Defendant Ryan exited the police vehicle and approached the Plaintiff and asked to see his license and registration. Defendant Soto exited and approached Plaintiff shortly thereafter.

9. While Plaintiff was gathering his license and registration, Ryan asked Plaintiff to step out of vehicle.

10. Plaintiff proceeded to distribute his license and registration to the Defendants. Ryan collected the documents and continued to request that Plaintiff exit his vehicle.

11. Plaintiff explicitly declined to a consent to a search of his vehicle and asked the Defendants to run his information.

12. Plaintiff exited his vehicle. Immediately upon Plaintiff exiting the vehicle, both Defendants rushed Plaintiff and began pushing him against his vehicle.

13. Plaintiff was shoved onto the ground by Defendants.

14. While on the ground, Ryan dug his knee Plaintiff's chest. Plaintiff repeatedly requested he be turned around in order comply with the Defendants' requests and to be properly handcuffed. In using force against Plaintiff, the Defendants used excessive force.

15. Both Plaintiff and the passenger were handcuffed.

16. Plaintiff was arrested. There was no legal cause for Plaintiff's arrest.

17. As a result of Defendants' use of force against Plaintiff, Plaintiff suffered injuries including, but not limited to, a fractured left rib.

18. Defendants had no legal cause to conduct a *Terry* stop.

19. There was no legal cause for the Defendants to use force against Plaintiff.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained additional injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering in an amount to be ascertained.

21. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST DEFENDANTS SOTO AND RYAN FOR UNREASONABLE SEIZURE

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. By reason of the conduct by Defendants Soto and Ryan, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

25. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants police officers violated the Plaintiff's rights in the following manner: the seizure, including the stop and arrest of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST DEFENDANTS SOTO AND RYAN FOR EXCESSIVE FORCE

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

27. As described above, Defendants used excessive force against Plaintiff's person.

28. There was no legal cause for Defendant to use force against Plaintiff.

29. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth to the Constitution of the United States and laws enacted thereunder.

30. The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT III
### PLAINTIFF AGAINST DEFENDANTS RYAN AND SOTO FOR UNLAWFUL DETENTION

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

32. By reason of the conduct by Defendant Police Officers V. RYAN and J. SOTO, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendant Police Officer Defendant Police Officers V. RYAN and J. SOTO, into the security and privacy of Plaintiff's person was in violation of his Constitutional Rights and not authorized by law. There was no probable cause for the pretrial detention of Plaintiff. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT IV
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

35. The individual defendants commenced and caused there to be continued a criminal prosecution of the Plaintiff.

36. The individual defendants fabricated false reports against the Plaintiff through, among other things, the use of false reports and false criminal complaints.

37. The underlying criminal charges terminated in Plaintiff's favor in that the charges were dismissed on or about May 10, 2019.

38. The individual defendants acted with malice in doing the acts described above.

39. Plaintiff was damaged as a result of being maliciously prosecuted as he suffered a loss of liberty, payment of attorneys' fees for the underlying criminal case and suffered emotional distress in a sum to be ascertained.

40. The City of Chicago is liable to Plaintiff under the concept of *respondeat superior.*

41. As a result of the foregoing, all defendants are liable to the Plaintiff for malicious prosecution.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the individual Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com